Douglas L. Johnson (SBN 209216)
Frank R. Trechsel (SBN 312199)
Hunter S. Litterio (SBN 358806)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email:       djohnson@jjllplaw.com
             ftrechsel@jjllplaw.com
             hlitterio@gmail.com

*Attorneys for Plaintiff*
ASSOCIATED PRODUCTION MUSIC LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>YAMAHA MOTOR CORPORATION - USA, a California corporation,<br><br>Defendant. | CASE NO.: 25-CV-00509-SRM-ADS<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Associated Production Music LLC ("APM" or "Plaintiff"), by and through its undersigned attorneys, brings this complaint (the "Complaint") against Yamaha Motor Corporation - USA ("Yamaha"), a California corporation ("Defendant") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys.

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the sound recordings and music compositions for the works listed on **Exhibit 1** to the Complaint (the "Subject Works") and incorporated herein.

## PLAINTIFF

2. Plaintiff APM is a New York limited liability company with its principal place of business located in Hollywood, California.

## DEFENDANT

3. Defendant Yamaha is a California Corporation, and subsidiary of Yamaha Motor Co., Ltd. with headquarters located at 655 Katella Avenue, Cypress, CA 90630.

## JURISDICTION AND VENUE

4. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

5. This Court has personal jurisdiction over Defendant because Defendant is incorporated in California, and a substantial amount of its business and conduct occurred in California, including, Defendant's conduct causing injury to APM and its intellectual property within the State of California through exploitation of the Subject Works on YouTube, X (formerly Twitter), Instagram,

and Facebook, all California-based companies, accessible to California-based consumers. Additionally, Defendant: (a) regularly does business or solicits business in the State of California, (b) engages in a persistent course of conduct in the State of California, (c) derives substantial revenue from consumers located in the State of California, (d) expects or should reasonably expect its acts to have consequences in the State of California, and (e) derives substantial revenue from interstate commerce.

6. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because Defendant resides in Orange County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

7. APM is the leading production music company in North America. Production music is the name given to recorded music that is intended to be licensed to customers for use in film, television, radio, and other media. With more than one million tracks, APM's production music catalog is the largest, deepest, and broadest music collection in the production music industry. Indeed, APM's catalog consists of over 50 diverse and in-demand production music libraries, including KPM Music, Bruton, Sonoton, Cezame, and Kosinus. Some of APM's most well-known tracks are "Heavy Action" (a.k.a. The Theme for *Monday Night Football*), "The Big One" (a.k.a. The Theme for *The People's Court*), and "Sweet Victory" (from the *SpongeBob SquarePants* episode "Band of Geeks"). APM's music has also been synchronized on major entertainment properties such as *GLOW*, *This is Us*, *Westworld*, *The Americans*, *Stranger Things*, *Atlanta*, *Game of Thrones*, *SpongeBob SquarePants*, *The Ren & Stimpy Show*, *Lady Bird*, *Mudbound*, *The Disaster Artist*, *The Big Sick*, *The Shape of Water*. *Call of Duty: Infinite Warfare*, *Tom Clancy's Ghost Recon Wildlands*, the *Saints Row* series, and *MLB: The Show*.

8. As the North American subpublisher of its highly valuable catalog,

1  which includes the Copyrights to the Subject Works, APM possesses the exclusive
2  rights to record, reproduce, distribute, advertise, and otherwise exploit such
3  copyrighted works, as well as to license others to do so in exchange for the payment
4  of royalties or fees customarily associated with the issuance of such licenses.

5        9.     On information and belief, Defendant Yamaha is an American
6  corporate subsidiary of the Japanese parent corporation, Yamaha Motor Co., Ltd.
7  On information and belief, Yamaha operates numerous YouTube channels and
8  social media accounts, including without limitation, Instagram and Facebook
9  accounts.

10       10.    In or about 2024, APM became aware that Defendant, and its affiliated
11  and/or wholly owned subsidiaries' and brands' social media channels, have
12  engaged, and are currently engaging in, rampant infringement of the Subject Works
13  by exploiting them in connection with numerous promotional postings as listed on
14  **Exhibit 2** to the Complaint and incorporated by reference herein.

15       11.    At no point did Defendant ever obtain APM's license, authorization, or
16  consent to synchronize the Subject Works with the Videos. Yamaha has properly
17  licensed music from APM before. On information and belief, their failure to
18  properly license APM's music in nearly forty different videos was knowing or
19  recklessly disregarded APM's rights in its music.

20       12.    Moreover, despite being repeatedly contacted by APM regarding
21  Defendant's unlicensed uses of the Subject Works, Defendant has refused to obtain
22  proper licenses or admit wrongdoing. Defendant further left the infringing works on
23  their sites for months after being first alerted of the infringement.

24       13.    Defendant's pattern of egregious disregard for APM's rights was made
25  quite apparent when a representative of Yamaha attempted to retroactively license
26  the music behind APM's back. In an email to APM, Yamaha, by and through its
27  representative, attempted to induce APM to provide a retroactive license without
28

disclosing that Yamaha had been repeatedly alerted over months that the music was infringing. Defendant's bad faith in attempting to attain a retroactive license makes clear that they do not hold APM's rights in any regard, and continue to willfully breach them.

14. Defendant's disregard for APM's rights was shown yet again by the fact that, despite being notified numerous times, Defendant kept the infringing posts up on their social media sites until at least December 2, 2024, with some remaining active longer.

## FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT

15. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 11, as though fully set forth herein.

16. Without Plaintiff's authorization, license, or consent, Defendant reproduced, distributed, and/or publicly performed the Subject Works as part of the Videos, thereby infringing Plaintiff's exclusive rights of copyright to the Subject Works under the Copyright Act, 17 U.S.C. §§ 106, 501.

17. On information and belief, Defendant has authorized the reproduction, distribution, and/or public performance of the Subject Works by synchronizing the Subject Works with the Videos on YouTube.

18. Each unauthorized reproduction, distribution, and/or public performance of the Videos constitutes a separate and distinct act of copyright infringement of the Subject Works .

19. Defendant's conduct has been intentional, willful and with full knowledge of Plaintiff's copyrights in the Subject Works and the direct infringement thereof.

20. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's direct infringement of Plaintiff's copyrights, Plaintiff is entitled to

1  recover its actual damages, including Defendant's profits from infringement, as will
2  be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled
3  to recover up to $150,000 in statutory damages per work infringed.

4      21.    Plaintiff is also entitled to recover its attorneys' fees and costs pursuant
5  to 17 U.S.C. § 505, and prejudgment interest according to law.

6      22.    Defendant is causing, and unless enjoined by the Court, will continue
7  to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at
8  law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the
9  continued infringement of the Subject Works, and an order under 17 U.S.C. § 503
10 directing the impoundment, destruction, or other reasonable disposition of all
11 infringing works, including the Videos.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

14     23.    Plaintiff hereby incorporates the allegations set forth above in
15 paragraphs 1 through 19, as though fully set forth herein.

16     24.    Through their conduct alleged herein, Defendant knowingly and
17 systematically induced, caused, materially contributed to and participated in
18 infringing distribution by third parties of the Subject Works, including, without
19 limitation, by way of reproduction, distribution, and/or public performance through
20 the YouTube platform. Specifically, by licensing to YouTube the right to
21 reproduce, distribute, and/or publicly perform the Videos, Defendant induced and
22 encouraged YouTube to directly infringe Plaintiff's Copyrights.

23     25.    Defendant's conduct has been intentional, willful and with full
24 knowledge of Plaintiff's copyrights in the Subject Works, and the contributory
25 infringement thereof.

26     26.    Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of
27 Defendant's contributory infringement of Plaintiff's copyrights, Plaintiff is entitled

to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

27. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

Defendant is causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Subject Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

## THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT

28. Plaintiff hereby incorporated the allegations set forth in paragraphs 1-24, as though fully set forth herein.

29. Through their conduct alleged herein, Defendant knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Subject Works, including without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on **Exhibit 2**. Specifically, Defendant enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Videos while having the right and ability to supervise the infringing activity yet failed to exercise that right and ability to prevent the infringing activity.

30. Defendant's conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works, and the contributory infringement thereof.

31. Pursuant to U.S.C. § 504(b), as a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover their actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

32. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

33. Defendant is causing, and unless enjoined by the Court will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued vicarious infringement of the Subject Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendant, as a result of its acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;
2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and
3. For attorneys' fees and costs.

**On the Second Claim for Contributory Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of

any and all gains, profits and advantages obtained by Defendant, as a result of their acts of contributory infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and

3. For attorneys' fees and costs.

**On the Third Claim for Vicarious Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendant, as a result of its acts of vicarious infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary, and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and

3. For attorneys' fees and costs.

**On All Claims For Relief:**

1. For costs of suit and attorneys' fees incurred herein;

2. For prejudgment interest at the legal rate; and

3. For such other and further relief as the Court deems just and proper.

Dated: July 2, 2025

**JOHNSON & JOHNSON LLP**

By  */s/ Douglas L. Johnson*
Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: July 2, 2025

**JOHNSON & JOHNSON LLP**

By  */s/ Douglas L. Johnson*
Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*