Douglas L. Johnson (SBN 209216)
Frank R. Trechsel (SBN 312199)
Hunter S. Litterio (SBN 358806)
**JOHNSON & JOHNSON LLP**
439 North Canon Drive, Suite 200
Beverly Hills, California 90210
Telephone:  (310) 975-1080
Facsimile:   (310) 975-1095
Email:         djohnson@jjllplaw.com
                   ftrechsel@jjllplaw.com
                   hlitterio@gmail.com

*Attorneys for Plaintiff*
ASSOCIATED PRODUCTION MUSIC LLC

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>YAMAHA MOTOR CORPORATION, U.S.A., a California corporation, CARECOTV, LLC, a Texas limited liability company, DOES 1-10 inclusive,<br><br>Defendant. | CASE NO.: 8:25-CV-00509-SRM-ADS<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. **DIRECT COPYRIGHT INFRINGEMENT**<br>2. **CONTRIBUTORY COPYRIGHT INFRINGEMENT**<br>3. **VICARIOUS COPYRIGHT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Associated Production Music LLC ("APM" or "Plaintiff"), by and through its undersigned attorneys, brings this complaint (the "Complaint") against Yamaha Motor Corporation, U.S.A.("Yamaha"), a California corporation, and CARECOTV, LLC (collectively "Defendants") upon knowledge and belief as to itself and as to all other matters upon information and belief of its undersigned attorneys.

## NATURE OF THE ACTION

1. This is an action for copyright infringement in connection with the United States terms of copyright (the "Copyrights") in the sound recordings and music compositions for the works listed on **Exhibit 1** to the Complaint (the "Subject Works") and incorporated herein.

## PLAINTIFF

2. Plaintiff APM is a New York limited liability company with its principal place of business located in Hollywood, California.

## DEFENDANT

3. Defendant Yamaha is a California Corporation, and subsidiary of Yamaha Motor Co., Ltd. with headquarters located at 655 Katella Avenue, Cypress, CA 90630.

4. Defendant CARECOTV, LLC ("CarecoTV") is a licensee of Yamaha with a headquarters in San Antonio, Texas.

## JURISDICTION AND VENUE

5. Subject matter jurisdiction is appropriate to this Court under 28 U.S.C. §§ 1331 and 1338 because this action arises under the Copyright Laws of the United States (17 U.S.C. §§ 101 et seq.), and this Court has supplemental jurisdiction over any related state law claims under 28 U.S.C. § 1367.

6. This Court has personal jurisdiction over Defendants because Defendant Yamaha is incorporated in California, and a substantial amount of its

business and conduct occurred in California. Defendants's conduct causing injury to APM and its intellectual property occurred within the State of California through exploitation of the Subject Works on YouTube, X (formerly Twitter), Instagram, and Facebook, all California-based companies, accessible to California-based consumers. Additionally, Defendants: (a) regularly does business or solicits business in the State of California, (b) engages in a persistent course of conduct in the State of California, (c) derives substantial revenue from consumers located in the State of California, (d) expects or should reasonably expect its acts to have consequences in the State of California, and (e) derives substantial revenue from interstate commerce.

7. Venue is appropriate under 28 U.S.C. §§ 1391 and 1400 because Defendant Yamaha resides in Orange County.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8. APM is the leading production music company in North America. Production music is the name given to recorded music that is intended to be licensed to customers for use in film, television, radio, and other media. With more than one million tracks, APM's production music catalog is the largest, deepest, and broadest music collection in the production music industry. Indeed, APM's catalog consists of over 50 diverse and in-demand production music libraries, including KPM Music, Bruton, Sonoton, Cezame, and Kosinus. Some of APM's most well-known tracks are "Heavy Action" (a.k.a. The Theme for *Monday Night Football*), "The Big One" (a.k.a. The Theme for *The People's Court*), and "Sweet Victory" (from the *SpongeBob SquarePants* episode "Band of Geeks"). APM's music has also been synchronized on major entertainment properties such as *GLOW*, *This is Us*, *Westworld*, *The Americans*, *Stranger Things*, *Atlanta*, *Game of Thrones*, *SpongeBob SquarePants*, *The Ren & Stimpy Show*, *Lady Bird*, *Mudbound*, *The Disaster Artist*, *The Big Sick*, *The Shape of Water*. *Call of Duty: Infinite*

*Warfare*, *Tom Clancy's Ghost Recon Wildlands*, the *Saints Row* series, and *MLB: The Show*.

9. As the North American subpublisher of its highly valuable catalog, which includes the Copyrights to the Subject Works, APM possesses the exclusive rights to record, reproduce, distribute, advertise, and otherwise exploit such copyrighted works, as well as to license others to do so in exchange for the payment of royalties or fees customarily associated with the issuance of such licenses.

10. On information and belief, Defendant Yamaha is an American corporate subsidiary of the Japanese parent corporation, Yamaha Motor Co., Ltd. On information and belief, Yamaha operates numerous YouTube channels and social media accounts, including without limitation, Instagram and Facebook accounts. On information and belief, CocareTV operates numerous YouTube channels and social media accounts, including without limitation, Instagram and Facebook accounts. On information and blief, CocareTV produces and owns the show "Yamaha's Whitetail Diaries" a show sponsored by Yamaha. Plaintiff's Subject Works appear without authorization in "Yamaha's Whitetail Diaries."

11. Defendants distribute content on each of their social media accounts and websites, including the allegedly infringing content described below, or include links to the accounts where the allegedly infringing content is contained.

12. Further, on information and belief, Defendants' websites and social media websites are not passive portals for consumers to simply view contents. Each Defendants' website and social media accounts offer for sale merchandise and memorabilia to consumers nationwide. These websites and offerings are not limited to states in which the Defendants reside. Each Defendant sells and ships products to California and California consumers. Each Defendants' social media accounts and website are commercial endeavors to drive popularity, viewership, and merchandise sales for their respective products and partners. The allegedly infringing content

described below is an integral part of each Defendants' marketing and advertising efforts.

13. On information and belief, Defendant CocareTV contracted with Yamaha, a California company, to sponsor their content, including the infringing content described below. Defendant's content includes many California-based and focused articles and videos including those titled "Burbank Police Department Received Yamaha Outdoor Access Initiative Grant with Help from Jay Leno," "Yamaha and Southern California Mountains Foundation Join Forces for Public Lands Conservation," and "Yamaha and Southern California Mountains Foundation Join Forces for Public Lands Conservation."

14. In or about 2024, APM became aware that Defendants, and their affiliated and/or wholly owned subsidiaries' and brands' social media channels, have engaged, and are currently engaging in, rampant infringement of the Subject Works by exploiting them in connection with numerous promotional postings as listed on **Exhibit 2** to the Complaint and incorporated by reference herein.

15. At no point did Defendants ever obtain APM's license, authorization, or consent to synchronize the Subject Works with the Videos. Yamaha has properly licensed music from APM before. On information and belief, their failure to properly license APM's music in nearly forty different videos was knowing or recklessly disregarded APM's rights in its music.

16. Moreover, despite being repeatedly contacted by APM regarding Defendant Yamaha's unlicensed uses of the Subject Works, Defendant Yamaha has refused to obtain proper licenses or admit wrongdoing. Yamaha further left the infringing works on their sites for months after being first alerted of the infringement.

17. Defendant's pattern of egregious disregard for APM's rights was made quite apparent when a representative of Yamaha attempted to retroactively license

1  the music behind APM's back. In an email to APM, Yamaha, by and through its
2  representative, attempted to induce APM to provide a retroactive license without
3  disclosing that Yamaha had been repeatedly alerted over months that the music was
4  infringing. Defendant's bad faith in attempting to attain a retroactive license makes
5  clear that they do not hold APM's rights in any regard, and continue to willfully
6  breach them.

7  18.  Defendant's disregard for APM's rights was shown yet again by the
8  fact that, despite being notified numerous times, Defendant Yamaha kept the
9  infringing posts up on their social media sites until at least December 2, 2024, with
10  some remaining active longer.

## FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT

13  19.  Plaintiff hereby incorporates the allegations set forth above in
14  paragraphs 1 through 11, as though fully set forth herein.

15  20.  Without Plaintiff's authorization, license, or consent, Defendants
16  reproduced, distributed, and/or publicly performed the Subject Works as part of the
17  Videos, thereby infringing Plaintiff's exclusive rights of copyright to the Subject
18  Works under the Copyright Act, 17 U.S.C. §§ 106, 501.

19  21.  On information and belief, Defendants have authorized the
20  reproduction, distribution, and/or public performance of the Subject Works by
21  synchronizing the Subject Works with the Videos on YouTube.

22  22.  Each unauthorized reproduction, distribution, and/or public
23  performance of the Videos constitutes a separate and distinct act of copyright
24  infringement of the Subject Works .

25  23.  Defendant's conduct has been intentional, willful and with full
26  knowledge of Plaintiff's copyrights in the Subject Works and the direct
27  infringement thereof.

28

24. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's direct infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

25. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

26. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502, prohibiting the continued infringement of the Subject Works, and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works, including the Videos.

## SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

27. Plaintiff hereby incorporates the allegations set forth above in paragraphs 1 through 19, as though fully set forth herein.

28. Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Subject Works, including, without limitation, by way of reproduction, distribution, and/or public performance through the YouTube platform. Specifically, by licensing to YouTube the right to reproduce, distribute, and/or publicly perform the Videos, Defendants induced and encouraged YouTube to directly infringe Plaintiff's Copyrights.

29. Defendant's conduct has been intentional, willful and with full knowledge of Plaintiff's copyrights in the Subject Works, and the contributory infringement thereof.

30. Pursuant to 17 U.S.C. § 504(b), as a direct and proximate result of Defendant's contributory infringement of Plaintiff's copyrights, Plaintiff is entitled to recover its actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

31. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law. Defendants are causing, and unless enjoined by the Court, will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued contributory infringement of the Subject Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction or other reasonable disposition of all infringing works.

### THIRD CAUSE OF ACTION
### VICARIOUS COPYRIGHT INFRINGEMENT

32. Plaintiff hereby incorporated the allegations set forth in paragraphs 1-24, as though fully set forth herein.

33. Through their conduct alleged herein, Defendants knowingly and systematically induced, caused, materially contributed to and participated in infringing distribution by third parties of the Subject Works, including without limitation, by way of reproduction, distribution, and/or public performance through the various websites listed on **Exhibit 2**. Specifically, Defendants enjoyed a direct financial benefit from the reproduction, distribution, and/or public performance of the Videos while having the right and ability to supervise the infringing activity yet failed to exercise that right and ability to prevent the infringing activity.

34. Defendant's conduct has been intentional, willful, and with full knowledge of Plaintiff's copyrights in the Subject Works, and the contributory

infringement thereof.

35. Pursuant to U.S.C. § 504(b), as a direct and proximate result of Defendant's vicarious infringement of Plaintiff's copyrights, Plaintiff is entitled to recover their actual damages, including Defendant's profits from infringement, as will be proven at trial. Alternatively, pursuant to 17 U.S.C. § 504(c), Plaintiff is entitled to recover up to $150,000 in statutory damages per work infringed.

36. Plaintiff is also entitled to recover its attorneys' fees and costs pursuant to 17 U.S.C. § 505, and prejudgment interest according to law.

37. Defendants are causing, and unless enjoined by the Court will continue to cause, Plaintiff irreparable harm for which Plaintiff has no adequate remedy at law. Plaintiff is entitled to an injunction under 17 U.S.C. § 502 prohibiting the continued vicarious infringement of the Subject Works and an order under 17 U.S.C. § 503 directing the impoundment, destruction, or other reasonable disposition of all infringing works.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for Judgment as follows:

**On the First Claim for Direct Copyright Infringement:**

1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of its acts of infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;

2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and

3. For attorneys' fees and costs.

///

**On the Second Claim for Contributory Copyright Infringement:**
1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of their acts of contributory infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;
2. For a temporary, preliminary and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and
3. For attorneys' fees and costs.

**On the Third Claim for Vicarious Copyright Infringement:**
1. For an award of damages, including actual damages and the disgorgement of any and all gains, profits and advantages obtained by Defendants, as a result of its acts of vicarious infringement in an amount according to proof at trial, or, alternatively, for an award of statutory damages in an amount of up to $150,000 per work infringed, according to proof at the time of trial;
2. For a temporary, preliminary, and permanent injunction, prohibiting the continued infringement of the Subject Works during the terms of copyright; and
3. For attorneys' fees and costs.

**On All Claims For Relief:**
1. For costs of suit and attorneys' fees incurred herein;
2. For prejudgment interest at the legal rate; and
3. For such other and further relief as the Court deems just and proper.

| | | |
|---|---|---|
| Dated: October 29, 2025 | | **JOHNSON & JOHNSON LLP** |
| | By | */s/ Douglas L. Johnson* |
| | | Douglas L. Johnson |
| | | Frank R. Trechsel |
| | | Hunter S. Litterio |
| | | *Attorneys for Plaintiff* |

SECOND AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury.

Dated: October 29, 2025    **JOHNSON & JOHNSON LLP**

By  */s/ Douglas L. Johnson*
Douglas L. Johnson
Frank R. Trechsel
Hunter S. Litterio
*Attorneys for Plaintiff*