UMBERG ZIPSER LLP
Mark A. Finkelstein (SBN 173851)
mfinkelstein@umbergzipser.com
Molly J. Magnuson (SBN 229444)
mmagnuson@umbergzipser.com
1920 Main Street, Suite 750
Irvine, California  92614
Telephone: (949) 679-0052
Facsimile: (949) 679-0461

Attorneys for Defendant
YAMAHA MOTOR CORPORATION, U.S.A.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| ASSOCIATED PRODUCTION MUSIC LLC, a New York limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>YAMAHA MOTOR CORPORATION, U.S.A., a California corporation,<br><br>Defendant. | Case No. 8:25-cv-00509 SRM (ADSx)<br><br>Assigned for All Purposes to:<br>Hon. Serena R. Murillo<br><br>**DEFENDANT YAMAHA MOTOR CORPORATION, U.S.A.'S ANSWER TO SECOND AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Complaint Filed: March 17, 2025<br>FAC Filed:        July 2, 2025<br>SAC Filed:        October 29, 2025 |

Defendant Yamaha Motor Corporation, U.S.A. (incorrectly sued as Yamaha Motor Corporation – USA) ("Yamaha"), hereby answers the Second Amended Complaint (Dkt. No. 27) of Plaintiff Associated Production Music LLC ("Plaintiff"). To the extent not specifically admitted herein, the allegations of the Second Amended Complaint are denied.

## ANSWER TO NATURE OF THE ACTION

1. To the extent paragraph 1 states legal conclusions, no response is required. Yamaha admits that this lawsuit purports to be an action for copyright infringement in the sound recordings and music compositions for the works identified in Exhibit 1 to the Second Amended Complaint (the "Subject Works"), but denies that Plaintiff is entitled to any relief whatsoever.

## ANSWER TO PLAINTIFF

2. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 and therefore denies them.

## ANSWER TO DEFENDANT

3. Yamaha admits the allegations of paragraph 3.

4. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 and therefore denies them.

## ANSWER TO JURISDICTION AND VENUE

5. Yamaha admits that Plaintiff purports to base federal jurisdiction under 28 U.S.C. §§ 1331, 1338, and 1367, but otherwise denies the allegations and/or legal conclusions contained in paragraph 5, and specifically denies any wrongdoing or infringement.

6. Yamaha admits that it is subject to this Court's jurisdiction, but otherwise denies the allegations and/or legal conclusions contained in paragraph 6, and specifically denies any wrongdoing or infringement. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 as to defendant CARECOTV, LLC ("CARECO"), and therefore denies them.

7. Yamaha admits that venue is proper in this District as to Yamaha, but otherwise denies the allegations and/or legal conclusions contained in paragraph 7.

**ANSWER TO ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

8. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 and therefore denies them.

9. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 and therefore denies them.

10. In answering paragraph 10, Yamaha admits that it is a subsidiary of Yamaha Motor Co., Ltd. and further admits that it operates various social media accounts including on Instagram and Facebook. Yamaha further admits that it sponsors the series "Yamaha's Whitetail Diaries," produced by CARECO. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 as to CARECO's YouTube channels and social media accounts, and therefore denies them. Yamaha denies the remaining allegations of paragraph 10.

11. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 as to CARECOTV, and therefore denies them. Yamaha denies the remaining allegations of paragraph 11 and specifically denies it has engaged in any wrongdoing.

12. In answering paragraph 12, Yamaha admits that it operates various websites and social media accounts, and that certain of these websites and accounts allow consumers to make purchases or link consumers to sites which allow them to make purchases, including, for example, parts and accessories for Yamaha's product offerings. Yamaha further admits that it sells and ships products to California consumers. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 as to CARECO's business activities, and therefore denies them. Yamaha denies the remaining allegations of paragraph 12 and specifically denies it has engaged in any wrongdoing.

13. In answering paragraph 13, Yamaha admits that it sponsors the series "Yamaha's Whitetail Diaries," produced by CARECO. Yamaha further admits that it has posted California-based content to its social media accounts. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 as to CARECO's business activities, and therefore denies them. Yamaha denies the remaining allegations of paragraph 13 and specifically denies it has engaged in any wrongdoing.

14. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 as to CARECO, and therefore denies them. Yamaha denies the remaining allegations of paragraph 14 and specifically denies it has engaged in any wrongdoing.

15. In answering paragraph 15, Yamaha admits it has licensed, directly and/or indirectly, music from Plaintiff. Yamaha lacks information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 as to CARECO, and therefore denies them. Yamaha denies the remaining allegations of paragraph 15.

16. Yamaha denies the allegations of paragraph 16 and specifically denies it has engaged in any wrongdoing.

17. Yamaha denies the allegations of paragraph 17.

18. Yamaha denies the allegations of paragraph 18.

## ANSWER TO FIRST CAUSE OF ACTION
## DIRECT COPYRIGHT INFRINGEMENT

19. In answering paragraph 19, Yamaha hereby incorporates its responses to the preceding paragraphs, as if fully set forth herein.

20. Yamaha denies the allegations of paragraph 20.

21. Yamaha denies the allegations of paragraph 21.

22. Yamaha denies the allegations of paragraph 22.

23. Yamaha denies the allegations of paragraph 23.

24. To the extent paragraph 24 states legal conclusions, no response is required. Yamaha denies the allegations of paragraph 24.

25. To the extent paragraph 25 states legal conclusions, no response is required. Yamaha denies the allegations of paragraph 25.

26. Yamaha denies the allegations of paragraph 26.

## ANSWER TO SECOND CAUSE OF ACTION
## CONTRIBUTORY COPYRIGHT INFRINGEMENT

27. In answering paragraph 27, Yamaha hereby incorporates its responses to the preceding paragraphs, as if fully set forth herein.

28. Yamaha denies the allegations of paragraph 28.

29. Yamaha denies the allegations of paragraph 29.

30. To the extent paragraph 30 states legal conclusions, no response is required. Yamaha denies the allegations of paragraph 30.

31. To the extent paragraph 31 states legal conclusions, no response is required. Yamaha denies the allegations of paragraph 31.

## ANSWER TO THIRD CAUSE OF ACTION
## VICARIOUS COPYRIGHT INFRINGEMENT

32. In answering paragraph 32, Yamaha hereby incorporates its responses to the preceding paragraphs, as if fully set forth herein.

33. Yamaha denies the allegations of paragraph 33.

34. Yamaha denies the allegations of paragraph 34.

35. To the extent paragraph 35 states legal conclusions, no response is required. Yamaha denies the allegations of paragraph 35.

36. To the extent paragraph 36 states legal conclusions, no response is required. Yamaha denies the allegations of paragraph 36.

37. Yamaha denies the allegations of paragraph 37.

## ANSWER TO PRAYER FOR RELIEF

The prayer for relief does not require a response. To the extent a response is required, Yamaha denies that Plaintiff is entitled to any relief whatsoever, including the relief requested in the prayer.

## ANSWER TO JURY DEMAND

The jury demand does not require a response. To the extent a response is required, Yamaha denies that the Second Amended Complaint properly demands a trial by jury.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials set forth above, and without admitting any of Plaintiff's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law against Plaintiff, Yamaha asserts the following affirmative defenses to Plaintiff's claims:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

Neither the Second Amended Complaint nor the claims alleged therein asserts facts sufficient to constitute a cognizable claim against Yamaha.

### SECOND AFFIRMATIVE DEFENSE
(Innocent Infringement and Good Faith)

To the extent that Plaintiff's works were infringed, Yamaha acted in good faith, innocent of any knowledge or intent to infringe Plaintiff's rights. Any general or statutory damages awarded to Plaintiff should be correspondingly reduced.

### THIRD AFFIRMATIVE DEFENSE
(Fair Use)

To the extent, if any, that Yamaha used the Subject Works, such use was a fair use.

## FOURTH AFFIRMATIVE DEFENSE

### (Lack of Registration)

Upon information and belief, the allegedly infringed Subject Works, *i.e.*, Exhibit 1 to the Second Amended Complaint, were not properly registered. Plaintiff alleges that the Subject Works were registered as reflected by the registration numbers set forth in Exhibit 1. Plaintiff, however, does not attach to its Second Amended Complaint the actual copyright registrations to reflect that the Subject Works identified in Exhibit 1 are, in fact, registered, when the Subject Works were registered, and whether those same Subject Works were ever used by Yamaha. Further, upon information and belief, any registration occurred after the alleged infringement, negating the right to statutory damages.

## FIFTH AFFIRMATIVE DEFENSE

### (License)

Upon information and belief, the alleged infringing uses of the Subject Works were made pursuant to valid licenses, thereby negating any claim of copyright infringement.

## SIXTH AFFIRMATIVE DEFENSE

### (Speculative Damages)

To the extent Plaintiff has suffered any damages, which is denied, any such damages are speculative and uncertain.

## SEVENTH AFFIRMATIVE DEFENSE

### (Invalid Copyright)

Upon information and belief, the copyrights to which Plaintiff bases its claims are invalid or otherwise unenforceable.

## EIGHTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Upon information and belief, Plaintiff's right to recovery—if any—is barred by the unclean hands doctrine as a result of Plaintiff's own actions.

## NINTH AFFIRMATIVE DEFENSE

(Statute of Limitations)

Upon information and belief, Plaintiff's right to recovery—if any—is barred by the statute of limitations including, without limitation, as set forth in 17 U.S.C. § 507.

## TENTH AFFIRMATIVE DEFENSE

(Laches)

Upon information and belief, Plaintiff's right to recovery—if any—is barred by laches.

## ELEVENTH AFFIRMATIVE DEFENSE

(First Amendment)

Upon information and belief, Plaintiff's right to recovery—if any—is barred by the First Amendment.

## RESERVATION OF DEFENSES

Yamaha reserves its right to rely on any additional affirmative defenses as may become available or apparent during discovery, and thus—without obligating itself to do so—reserves its right to amend its Answer to assert such additional defenses, or otherwise to rely on additional or other defenses during this case or at the time of trial. obtained during discovery.

## **DEMAND FOR JURY TRIAL**

Yamaha hereby requests a trial by jury as to all issues so triable.

Dated: November 12, 2025        UMBERG ZIPSER LLP

/s/ *Mark A. Finkelstein*
Mark A. Finkelstein
Attorneys for Defendant
Yamaha Motor Corporation, U.S.A.